Estate of Lizzie Florence Olney, Rhode Island Hospital Trust Company, Executor v. Commissioner.
Estate of Lizzie Florence Olney, Rhode Island Hosp. Trust Co. v. Commissioner
Docket No. 7529.
United States Tax Court
1946 Tax Ct. Memo LEXIS 160; 5 T.C.M. (CCH) 503; T.C.M. (RIA) 46138; June 18, 1946
*160 Harold B. Tanner, Esq., 15 Westminster St., Providence, R.I., for the petitioner. A. J. McDowell, Esq., for the respondent. ARUNDELL
Memorandum Findings of Fact and Opinion This proceeding involves a deficiency in estate tax for the year 1942 in the amount of $45,933.57. Petitioner claims an overpayment in the amount of $2,549.33. The sole issue for determination concerns the fair market value of 373 1/2 shares of the capital stock of the Wanskuck Company as of August 1, 1942, the date of the decedent's death. The parties have agreed that additional administration expenses occasioned by this proceeding will be agreed upon and given effect in a computation under Rule 50. Some of the facts have been stipulated by the parties. The stipulated facts are incorporated herein by this reference. Findings of Fact The petitioner is the duly qualified executor under the will of Lizzie Florence Olney, who died a resident of Providence, Rhode Island, on August 1, 1942. The estate tax return in question was filed with the collector of internal revenue at Providence, Rhode Island. There was included in the estate of the decedent 373 1/2 shares of the capital stock of *161 the Wanskuck Company. That company is engaged in the manufacture of woolen textiles. At the time of the decedent's death, which is the valuation date to be used, its outstanding capital stock consisted of 7,677 shares of common stock of a par value of $1,000 per share. The stock has never been actively traded in and has not been listed on any stock exchange. The stock certificates carried a provision to the effect that all shares should first be offered to the company before being sold to anyone else. After decedent's death the executor made two sales. On July 10, 1943, 195 shares were sold to the Wanskuck Company at $676 per share. That price was offered by the Wanskuck Company and, after due consideration by the trust committee of the executor, was accepted as a fair price. On September 2, 1943, 27 shares were sold at $676 to a relative of the decedent. Such price was offered by the purchaser and accepted by the trustee-executor as being a fair price. The trustee was of the opinion that the sale provided it with an opportunity to diversify the trust holdings. These two sales are the only sales of record. The Wanskuck Company has long been in a financially sound condition. Its *162 ratio of current assets to current liabilities has generally been 5 to 1 or better. In 1941 its total assets aggregated some $13,902,000, of which about 10 per cent, or approximately $1,550,000, was in plant and equipment. Its current assets amounted to some $12,329,000 as against current liabilities of $2,445,000 at the close of 1941. At that time it had cash on hand in the amount of $416,000, investments at cost, $1,133,000, inventory of approximately $8,056,000, and accounts receivable of some $2,500,000. In 1941 the company committed itself to the purchase of some 8,000,000 pounds of wool at $1 a pound. It had reduced its investment portfolio of from about $4,353,000 in 1938 to $1,133,000 in 1941, and had borrowed money from banks and individuals to finance its operations. In addition, the larger portion of its cash assets of $416,000 was committed to the purchase of Australian wool. Owing to the fact that wool had to be purchased when available and well in advance, and due to the general uncertainties inherent in a business of the nature of the Wanskuck Company, the wool purchase transactions were somewhat speculative and risky. The purchaser of the plant's entire output from *163 domestic wool was the United States Government. The plant's output from Australian wool went into civilian channels. The Wanskuck Company has shown a good earnings record although its earnings varied greatly in the different years. Set forth below is a tabulation showing the earnings per share after taxes, together with per share dividends paid for the 11-year period 1932 to 1942, inclusive: Total Profit
per share
Dividends
Calendar
(after tax)
Paid per
Year
(7677 shares)
share
1932
$ 1.27
$40.00
1933
128.79
40.00
1934
31.86
90.00
1935
131.30
60.00
1936
113.83
90.00
1937
13.17
60.00
1938
13.03
40.00
1939
96.28
70.00
1940
116.42
90.00
1941
121.21
85.00
1942
81.93
40.00
The average per share earnings for the 5-year period 1937 to 1941 was $72.03, and for the 5-year period ending in 1942 the average per share earnings was about $85.75. The average dividend paid for the 5-year period ending in 1941 was $69, while the average for the 5-year period ending in 1942 was $65. The book value per share in 1941 was $1,492. In the past there has been an overcapacity of manufacturing in the textile industry. That includes both *164 the cotton and woolen branches. As indicated above, there has been a tendency for earnings to run in cycles. The investment policy of the company has in the past been an important factor in its dividend paying ability. In 1941, however, the investment portfolio had been considerably reduced from the high of earlier years and the money was largely represented by inventories and commitments for the purchase of wool. The fair market value of the stock in question as of the valuation date is $855 per share. On the estate tax return the stock was valued at $676 per share. In his determination of deficiency the Commissioner has placed a value thereon of $1,100 per share. At the hearing and on brief, the petitioner contends that the value as of the critical date was not more than $725 per share. Opinion ARUNDELL, Judge: In support of his valuation the petitioner introduced as a witness Chelcie C. Bosland who had prepared a detailed analysis of the financial set-up of the Wanskuck Company and also analyses of nine other companies engaged in a similar line of business whose shares were regularly traded in on the critical date. The statistical data, made a part of the stipulation, *165 give the valuation of the shares of each of the nine companies as of the date in question and also the average earnings of each of these companies for periods of 3, 6 and 10 years, respectively. From these figures the witness determined the rate the market value bore to the earnings. By applying the average rates for all of the companies to the average earnings of the Wanskuck Company for 3, 6 and 10-year periods ended in 1941, he ascertained an average value of $663.47 per share. By omitting the two weakest companies in the list, the witness obtained a value of $691.76. He suggested a further figure of $749.25, which he arrived at by using the rates reflected for the three companies with perfect dividend records. He felt Wanskuck shares were not of as high a standard as the shares of the last three companies used and therefore made adjustments which caused him to reach a figure of $725 a share for Wanskuck, and it is that figure which he submitted as representing the fair market value of Wanskuck shares. Respondent's expert, Sadden, gave as his opinion a value of $1,100 per share on the effective date. His method was not unlike that of petitioner's expert but he regarded only two *166 of the nine companies as comparable and he asserted that the stock of those two companies was selling at 11.73 and 11.8 times the 5-year average per share earnings, and that the application of those rates to the average annual per share earnings of Wanskuck for a 5-year period ended in 1942 reflected values of $1,060 and $1,066, respectively, and that these figures, properly adjusted, produce the value he has testified to. It probably should be pointed out at this time that respondent's expert, in reaching his value, used a figure of $90.37 per share as representing the average earnings for the 5-year period ended in 1942. The stipulated data indicate, however, average per share earnings during this period of the smaller figure of $85.75. This fact alone would require an adjustment in Sadden's value. The record in this case discloses that Wanskuck is one of the outstanding textile companies, with an excellent earnings record and a sustained dividend record. Its book value in 1941 was $1,492. After a careful consideration of all these facts and with due weight given to the testimony of the experts, we have concluded that the fair market value of the stock in question on August 1, 1942 was *167 $855 per share. Decision will be entered under Rule 50.